IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## JEROME BARRETT v. STATE OF TENNESSEE

**Criminal Court for Davidson County
No. 2007-D3201**

_____

**No. M2025-01620-CCA-R28-PC**

_____

## ORDER

The Petitioner, Jerome Barrett, has filed an application for permission to appeal the trial court's order denying his motion to reopen his post-conviction petition. Tenn. Code Ann. § 40-30-117; Tenn. Sup. Ct. R. 28, Sec. 10(B). The State responds by asserting the application is incomplete and, thus, should be denied. For the reasons stated below, the Court agrees with the State.

### Background

In 2009, the Petitioner was convicted of the 1975 murder of the victim, a Vanderbilt University student, and he was sentenced to life in prison. The Petitioner's conviction was affirmed on direct appeal. *State v. Barrett*, No. M2010-00444-CCA-R3-CD, 2012 WL 2914119 (Tenn. Crim. App. July 18, 2012), *perm. app. denied* (Tenn. Dec. 12, 2012). The Petitioner was unsuccessful in his subsequent pursuit of both post-conviction and error coram nobis relief. *Barrett v. State*, No. M2021-01149-CCA-R3-PC, 2023 WL 1816362 (Tenn. Crim. App. Feb. 8, 2023), *perm. app. denied* (Tenn. June 7, 2023); *Barrett v. State*, No. M2012-01778-CCA-R3-CO, 2013 WL 3378318 (Tenn. Crim. App. July 1, 2013), *perm. app. denied* (Tenn. Nov. 13, 2013).

It appears the Petitioner filed a motion to reopen on June 2, 2025. The trial court denied the motion by written order on September 15, 2025. According to that order, the Petitioner "repeats many of the grounds claimed in his previous post-conviction relief petitions and hearings" which the trial court ruled were previously determined and provide no basis for reopening the prior post-conviction petition. However, the trial court recognized the Petitioner "avers a new rule of constitutional law was established by the United States Supreme Court ruling in *Smith v. Arizona*, 602 U.S. 779 (2024) and that

ruling should be applied retroactively." The Petitioner alleged "he was denied the right to confront the author of an autopsy report which was never introduced at trial." The medical examiner who performed the autopsy on the victim was deceased at the time of the Petitioner's trial. Instead, Dr. Bruce Levy testified as an expert witness in forensic pathology. 2012 WL 2914119, at *10. However, the original "autopsy report was missing and never introduced at trial."

In *Smith v. Arizona*, the Supreme Court held "[a] State may not introduce the testimonial out-of-court statements of a forensic analyst at trial, unless she [or he] is unavailable and the defendant has had a prior chance to cross-examine her [or him]." 602 U.S. at 802-03. "Neither may the State introduce those statements through a surrogate analyst who did not participate in their creation." *Id.* The Supreme Court explained:

> When an expert conveys an absent analyst's statements in support of his [or her] opinion, and the statements provide that support only if true, then the statements come into evidence for their truth. As this dispute illustrates, that will generally be the case when an expert relays an absent lab analyst's statements as part of offering his [or her] opinion. And if those statements are testimonial too . . . the Confrontation Clause will bar their admission."

*Id.* at 783.

As the trial court noted here, this Court held in the direct appeal of his conviction that the Petitioner "did not establish that he was denied due process relative to the lack of an autopsy report." 2012 WL 2914119, at *23. As to the Petitioner's reliance on *Smith v. Arizona*, the trial court stated:

> Taken with no other considerations, the Court finds that Petitioner's assertion that Dr. Levy presented information from a missing autopsy report created by another doctor is not based in facts. The Court underscores that the autopsy report was missing. It was not available for review by Dr. Levy nor was it introduced to the jury. The Court cannot apprehend how Petitioner asserts he has been deprived of a constitutional right not recognized at the time of trial when the autopsy report was never presented to anyone for consideration or used by Dr. Levy.

### Motions to Reopen Post-Conviction Petitions

A petitioner may seek post-conviction relief from a conviction or sentence that is void or voidable due to the violation of any constitutional right. Tenn. Code Ann. § 40-30-103. The Post-Conviction Procedure Act ("the Act") limits a petitioner to a single petition

2

for relief. § 40-30-102(c). However, a petitioner may seek relief on claims that arise after the disposition of the initial petition by filing a motion to reopen the post-conviction proceedings "under the limited circumstances set out in § 40-30-117." *Id*. As relevant here, a motion to reopen must assert a claim "based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required" and it must be filed within one year of that ruling. § 40-30-117(a)(1). Under the Act,

> a new rule of constitutional criminal law is announced if the result is not dictated by precedent existing at the time the petitioner's conviction became final and application of the rule was susceptible to debate among reasonable minds. A new rule of constitutional criminal law shall not be applied retroactively in a post-conviction proceeding unless the new rule places primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or requires the observance of fairness safeguards that are implicit in the concept of ordered liberty.

§ 40-30-122. Furthermore, the facts underlying the claim, if true, must establish by clear and convincing evidence that a petitioner is entitled to have his or her conviction set aside or his or her sentence reduced. *Id*.

"If the motion is denied, the petitioner shall have thirty (30) days to file an application in the court of criminal appeals seeking permission to appeal." § 40-30-117(c); Tenn. Sup. Ct. R. 28, Sec. 10(B). The application "shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion." § 40-30-117(c). This Court will grant an application for permission to appeal only if it concludes the trial court abused its discretion in denying the motion to reopen. *Id*.

**Discussion**

The Petitioner's application is timely. As the State observes, though, the application is incomplete. Although the Petitioner attached to his application a copy of the trial court's order, he failed to include a copy of his motion to reopen. In reply to the State's response, the Petitioner filed a "Pro se Motion for T.R.A.P. Rule 2 Suspension of Rules to Refile an Application for Permission to Appeal, Together with a Delayed pro se Motion to Reopen Petition for Post Conviction Relief Due to Confusion, Excusable Neglect, Good Cause Created by Conflicting Authorities; or, in the Alternative, Motion to Correct, Modify, or Supplement the Record to Prevent Prejudice to the Judicial Process." Therein, he cites Rules of Appellate Procedure 2 and 24 in support of his request for the Court to suspend the filing requirements of the Act and Rule 28 and to "correct, modify or supplement the record." Furthermore, the Petitioner asserts there exists a conflict between Section 40-30-

3

117(c) and Rule 28, Section 10B, mainly that the Act requires the application to be "accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion" whereas the Rule 28 requires the application only be "accompanied by the order denying the motion."

In order to appeal the denial of a motion to reopen, a petitioner must obtain permission from this Court; it is not a matter of right. Thus, a petitioner is required to comply with the applicable filing requirements of the Act. Failure to comply with those requirements deprives this Court of jurisdiction to consider the application. *Bonds v. State*, No. W2025-01467-CCA-R28-PC, 2025 WL 3022562 (Tenn. Crim. App. Oct. 29, 2025) (Order). In this case, the Petitioner failed to attach to his application the motion he filed in the trial court. This Court does not have the authority to suspend or relax the requirements of the Act. *Id.* The Petitioner did attach a copy of his motion to reopen to his reply to the State's response to his application. However, neither the Act nor Rule 28 permit supplementation of an application following the filing of the State's response. Thus, it is not properly before the Court for review.

The Court disagrees with the Petitioner's assertion that a conflict exists between the Act and Rule 28 governing the filing requirements of an application for permission to appeal. The Act authorizes the supreme court to enact rules to effectuate the "practice and procedure" of the Act. § 40-30-118 ("Promulgation of rules"). Indeed, Section 1 of Supreme Court Rule 28, titled "Scope and Authority of Rules," states "[t]hese rules *supplement* the remedies and procedures set forth in the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, Sec. 1(A) (emphasis). Thus, the more comprehensive filing requirement of the Act prevails over that of the Rule 28. The Petitioner's reliance on *State v. Mallard* is misplaced because that case addressed an alleged conflict between a statute and a rule governing the admission of evidence during trial. 40 S.W.3d 473 (Tenn. 2001).

Furthermore, the Petitioner's reliance on the Rules of Appellate Procedure is also misplaced. Those rules do not authorize this Court to suspend or waive the provisions of a statute or a Rule of the Supreme Court. To the contrary, Rule 2 permits this Court to waive certain provisions of the Rules of Appellate Procedure. However, none of those rules govern the filing of an application for permission to appeal the trial court's denial of a motion to reopen. Pursuant to the Act, this Court must issue its ruling solely on review of the application and the State's response. § 40-30-117(c). Because there is no record before the Court in this instance, Rule 24 is inapplicable. Tenn. R. App. P. 24.

This Court "shall not grant the application unless it appears that the trial court abused its discretion in denying the motion. If it determines that the trial court did so abuse its discretion, [this Court] shall remand the matter to the trial court for further proceedings." *Id*. Similarly, Rule 28 provides that, "in the event [this Court] finds that the trial court

abused its discretion by denying the motion to reopen, the court shall, by order, remand the case to the trial court for further proceedings." Tenn. Sup. Ct. R. 28, Sec. 10(B). Accordingly, the Rules of Appellate Procedure are not implicated in the process before this Court. *But see id.* (permitting further appellate review to the supreme court under Rule of Appellate Procedure 11 if this Court denies application).

Regardless, based upon a review of the trial court's order, and in light of the issues raised in the Petitioner's prior appeals, this Court cannot conclude the trial court abused its discretion by holding the majority of the claims raised in the motion to reopen were previously determined and provide no basis for reopening the prior post-conviction petition. Moreover, this Court recently recognized the holding in *Smith v. Arizona* "is not retroactively applicable to cases on collateral review." *Hodge v. State*, No. W2025-01156-CCA-R28-PC, 2025 WL 2630297 (Tenn. Crim. App. Sep. 11, 2025) (Order), *perm. app. pending*.

## Conclusion

For these reasons, the Petitioner's application for permission to appeal is denied. Because it appears the incarcerated Petitioner remains indigent, costs are taxed to the State. Pursuant to statute, though, the State has the authority to recoup the costs associated with this appeal from the Petitioner's trust fund account at the conclusion of the appeal, if appropriate. Tenn. Code Ann. § 40-25-143.

Holloway, Easter, Ayers, JJ.

5